930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Grant L. DORAN, Petitioner-Appellant,
v.
Hal STRATTON, Eloy Mondragon, Respondents-Appellees.
 No. 89-2210.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Petitioner Grant L. Doran appeals from the district court's denial of his writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. We affirm the district court in all respects.[1]
 
 Background
 
 2
 A grand jury indicted Doran on seven charges arising out of three different robberies at the Snowheights Walgreen's drugstore in Albuquerque, New Mexico. The store was robbed on August 11, September 17, and September 21, 1983. Doran went to trial on all of the charges. However, the two counts related to the August 11 incident were dismissed on motion for directed verdict. A jury convicted Doran on the remainder of the charges. After exhausting all available remedies in the New Mexico state courts, Doran filed this petition for writ of habeas corpus.
 
 
 3
 Grant Doran was employed as an assistant manager at the Snowheights Walgreen's store. In July 1983 he took his annual vacation but did not return. Walgreen's management had the locks to the exterior doors changed on August 8 because Doran left with a full set of keys. The first robbery occurred three days later. The August 11 break-in showed no signs of forced entry, thus making store management suspicious that someone with keys to the store perpetrated the crime. The September robberies were forced entry crimes.
 
 
 4
 At trial, the prosecution's main witness was Roger Robinson, a friend of Doran's and his alleged accomplice in the robberies. On September 27, 1983, Robinson gave police a detailed statement which implicated both men in all three crimes. However, Robinson has long-term memory problems which severely impair his ability to recall events occurring in the past. He has had brain surgery twice to remove tumors. At trial, Robinson was unable to recall much of what was contained in his statement. However, he did state with certainty that he and Doran were involved in the crimes.
 
 
 5
 In his habeas petition, Doran raised four arguments. They included: 1) that the presentation of false testimony to the grand jury rendered both the indictment and convictions invalid, 2) that false statements in a search warrant affidavit invalidated the search, thus requiring suppression of the evidence obtained, 3) that the state court erred in failing to grant a new trial after Roger Robinson recanted his trial testimony, and 4) that Doran was denied effective assistance of counsel because his attorney failed to present an alibi defense. We will address each argument in turn.
 
 Discussion
 A. Falsification of grand jury testimony
 
 6
 During the grand jury proceedings, Mr. Kenneth Berlint, the manager of the Walgreen's store, testified that the exterior locks were not changed until after the August 11 break-in. This testimony contradicted undisputed documents produced before trial indicating that the locks were changed on August 8. The implication of Mr. Berlint's testimony was that Grant Doran perpetrated the robbery by opening the front door to the store with the keys he obtained as assistant manager. As stated previously, the August 11 burglary did not involve a forced entry.
 
 
 7
 Petitioner asserts this "false" testimony requires that the indictment be quashed and the convictions overturned. "Under some circumstances, where a state has chosen to provide grand juries, it must ensure that their selection and operation 'hew to federal constitutional criteria.' " Talamante v. Romero, 620 F.2d 784, 789 (10th Cir.1980) (quoting Carter v. Jury Comm'n, 396 U.S. 320, 330 (1970)), cert. denied, 449 U.S. 877 (1980). To this extent, Doran argues that his fifth amendment due process rights, applicable via the fourteenth amendment, apply in this habeas proceeding and require that the indictment be quashed.[2] We disagree.
 
 
 8
 In support, Doran relies on United States v. Basurto, 497 F.2d 781 (9th Cir.1974). In that case, the Ninth Circuit identified several criteria for determining when an indictment based partially on perjured testimony must be quashed. The court stated, "[w]e hold that the Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached." Id. at 785. (Emphasis added.)
 
 
 9
 Even assuming, without deciding, that the Basurto test applies, Doran's argument must fail. First, it is undisputed that neither the prosecution nor Mr. Berlint were aware this testimony was false at the time it was given. The discrepancy in the dates did not become apparent until after the grand jury returned the indictment. At trial, counsel for Doran had every opportunity to cross-examine and impeach Mr. Berlint on this issue. Where, as here, a petit jury has knowledge of the misstatement, it is unlikely that any error was prejudicial. See United States v. Page, 808 F.2d 723, 727 (10th Cir.), cert. denied, 482 U.S. 918 (1987).
 
 
 10
 Moreover, Mr. Berlint's misstatement was not material.[3] The charges to which it applied were dismissed after the prosecution presented its case. Petitioner's argument that the misstatement somehow infected the rest of the trial is not persuasive. This court will dismiss an indictment following conviction only in rare circumstances. See id. This case does not present one of those circumstances. Consequently, we affirm the district court on this issue.
 
 
 11
 B. False statements made in application for search warrant
 
 
 12
 In a habeas proceeding, a petitioner may not be granted relief on fourth amendment grounds if he was given an opportunity for full and fair consideration of the issue in state proceedings. Stone v. Powell, 428 U.S. 465, 494 (1976); Gamble v. Oklahoma, 583 F.2d 1161, 1163 (10th Cir.1978).
 
 
 13
 " 'Opportunity for full and fair consideration' includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim. It also includes the full and fair evidentiary hearing contemplated by [Townsend v. Sain, 372 U.S. 293 (1963) ]. Furthermore, it contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards."
 
 
 14
 Gamble, 583 F.2d at 1165 (footnote omitted). Because Doran's argument with respect to the search warrant affidavit implicates the fourth amendment, the Stone v. Powell prohibition applies.
 
 
 15
 Here, petitioner had ample opportunity to raise this claim at trial. There is nothing in the record to suggest the state court failed to afford Doran procedural avenues for objecting to the introduction of the evidence seized pursuant to the allegedly faulty warrant. Doran filed a motion to suppress which was denied after a hearing. Moreover, contrary to petitioner's suggestion, there is nothing in the record supporting the argument that the state court failed to apply the correct legal standards to introduction of this evidence. Accordingly, the rule of Stone v. Powell bars further review in this court.
 
 
 16
 C. Failure to grant a new trial after Roger Robinson recanted his testimony
 
 
 17
 Following the trial in this case, Doran's counsel interviewed Roger Robinson. During that interview, Robinson said his trial testimony was potentially "inaccurate." Based on this "new" evidence, Doran filed a motion for new trial. The state court denied this request. Doran asserts this failure constitutes grounds for granting habeas relief.
 
 
 18
 This court has set the following standard for granting a new trial where testimony is allegedly recanted:
 
 
 19
 The newly discovered evidence must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce an acquittal; and a new trial is not warranted by evidence which, with reasonable diligence, could have been discovered and produced at trial.
 
 
 20
 United States v. Ramsey, 726 F.2d 601, 604 (10th Cir.1984) (quoting United States v. Allen, 554 F.2d 398, 403 (10th Cir.), cert. denied, 434 U.S. 836 (1977)). Here, the "new" evidence is cumulative.
 
 
 21
 The statement Robinson made after trial was entirely consistent with his testimony at trial. Robinson stated repeatedly that he had no recollection of many of the details he described in his statement. He told the court his memory was faulty regarding events which occurred in the fall of 1983. This testimony, and his statement after trial, are consistent with his long-term memory problems.
 
 
 22
 It is clear from Robinson's testimony that he cannot remember with clarity anything requiring use of his long-term memory. Therefore, there is nothing "new" about Robinson's statement that his trial testimony was inaccurate. It is not a recantation of prior testimony. Petitioner's counsel had extensive opportunity to cross-examine Robinson about his inability to recall statements he made previously. We uphold the district court's decision denying relief on this claim.
 
 D. Ineffective assistance of counsel claim
 
 23
 Finally, Doran asserts his counsel was ineffective in failing to present his parents as alibi witnesses. He states they would have testified he was with them on the night of September 21, 1983. In order to prevail on this claim, Doran must show 1) that his counsel's performance was professionally unreasonable and, 2) that but for the failure to present these witnesses, he would have been acquitted. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 24
 Normally, the decision whether to call a witness rests within the discretion of trial counsel. United States v. Snyder, 787 F.2d 1429, 1432 (10th Cir.), cert. denied, 479 U.S. 836 (1986). Here, counsel's decision not to present these witnesses was within the wide range of professional judgment available to attorneys. Given the other evidence in this case pointing to Doran's guilt, it was within counsel's judgment not to present this testimony, which could appear fabricated or self serving. See Diggs v. Owens, 833 F.2d 439, 446 (3d Cir.1987), cert. denied, 485 U.S. 979 (1988). Trial counsel was not ineffective. We will not disturb the district court's ruling on appeal.
 
 Conclusion
 
 25
 Petitioner's motion for issuance of a certificate of probable cause is GRANTED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 This circuit has not decided this issue. See Talamante, 620 F.2d at 789-90 and n. 6
 
 
 [3]
 In United States v. Bracy, 566 F.2d 649 (9th Cir.1977), cert. denied, 439 U.S. 818 (1978), the Ninth Circuit revisited the same issues addressed in Basurto. In Bracy, the court stressed that the materiality of the testimony is the factor which must be addressed in determining whether an indictment should be quashed. 566 F.2d at 655. The court held that the language in Basurto requiring the prosecution to immediately inform the grand jury of false testimony, irrespective of materiality, was dicta, and in any event, no longer valid in light of United States v. Agurs, 427 U.S. 97 (1976). Id